GEYER, ADMINISTRATOR *v.* SPENCER.

[No. 14,665. Filed November 24, 1934.]

*Lester C. Morris,* for appellant.

*Delos A. Alig,* for appellee.

DUDINE, J.—The court having considered appellee's petition for rehearing herein, and the briefs filed thereon, now grants a rehearing of said cause, and now renders the following opinion in lieu of the opinion heretofore rendered herein on the 20th day of March, 1934.

Appellee filed a claim against the estate of Durward M. Luse, deceased, of which estate appellant was the administrator.

The claim, omitting purely formal parts, was as follows:

> "May 14, 1927, for money had and received by Durward M. Luse, deceased, of Mina E. Spencer, with interest thereon at 6% per annum from May 14, 1927, until paid..................................................

EXHIBIT A.

"Indianapolis, Ind., May 14, 1927. For value received, I promise to pay to the order of Mina E. Spencer, two hundred fifty dollars together with interest of $3\frac{1}{2}\%$ per month from date until paid. I give my note.

D. M. LUSE."

The cause was tried by the court, without a jury, on the issue formed by said claim and the answer of general denial provided by law (Sec. 3166, Burns 1926, §6-1015, Burns 1933, §3133, Baldwin's 1934), and the court found for the claimant and rendered judgment accordingly in "the sum of $250.00 and $51.25 interest, . . ."

On the 12th day after said judgment was rendered appellant filed a motion in arrest of judgment, which motion was overruled.

Appellant filed a motion for new trial, which was overruled, and this appeal was perfected, appellant assigning as error, first, the overruling of said motion in arrest of judgment, second, the overruling of said motion for new trial.

The court did not commit reversible error in overruling the motion in arrest of judgment, because the motion was not filed until after the judgment was rendered. (See Sec. 1907, Watson's Works Practice Vol. II, and authorities cited.)

The only causes for new trial assigned in the motion therefor, and discussed in appellant's brief which we need to discuss is that the decision is not sustained by sufficient evidence and is contrary to law.

Appellee having shown by one witness that the note bore the signature of decedent as the maker thereof, introduced the note as an exhibit, and rested her case. No other evidence was introduced in support of the claim.

The exhibit was in the following words and figures, to wit:

"Indianapolis, Ind.,
May 14, 1927.

"For Value received, I promise to pay to ■ the order of Mina E. Spencer, two hundred fifty dollars together with interest of 3½% per month from date until paid. I give my note.

D. M. LUSE.

Int. back due

July 14, 1930
August 14, 1930
Sept. 14, 1930
Oct. 14, 1930."

No evidence was introduced which showed who wrote the memoranda on the note following the signature. No evidence was introduced which showed what the memoranda meant or signified.

In the "Statement of the Evidence" in appellant's brief, appellant refers to the exhibit as a "Promissory note for $250.00 and 3½% interest per month dated May 14, 1927, showing back interest due for months of July, August, September, and October, 1930. Signed D. M. Luse." We think appellant's construction of the memoranda fair and reasonable. In fact we think that said memoranda is not subject to any construction which would conflict with such construction, and we construe the memoranda as appellant construes it.

The undisputed evidence shows that interest was paid on the principal sum of this note at the rate of 3½% per month from date until June 14, 1930, which would be payment of a total amount of $323.75.

Appellee sued for $250.00 plus interest thereon at 6% per annum from May 14, 1927. The judgment was rendered by the trial court on June 6, 1931. If ■■ appellee was entitled to any interest at all he was entitled to interest to date of judgment. $250.00 plus interest at 6% per annum from May 14, 1927 to June 6, 1931 amounts to $311.46.

Since the evidence undisputably shows that $323.75

was paid on the note, and appellee was entitled only to $311.46, the evidence does not sustain the court's decision that appellee should recover judgment against appellant in any amount, and the decision is contrary to law.

Judgment reversed with instructions that the motion for new trial be sustained and that further proceedings had herein be not inconsistent with opinion. Bridewell, C. J., concurring in the result.